James **CURTIN**

v.

**STAR EDITORIAL INC. d/b/a Star Magazine, et al.**

**No. CIV.A. 97–6985.**

United States District Court, E.D. Pennsylvania.

March 27, 1998.

Michael D. La Rosa, La Rosa & De Luca, P.C., Philadelphia, PA, for Plaintiffs.

Marc J. Zucker, Mann, Ungar, Spector, Labovitz, P.C., Philadelphia, PA, Slade Rich Metcalf, New York, NY, Steven Robert Paradise, New York, NY, for Defendants.

## MEMORANDUM

BARTLE, District Judge.

This is a dispute about the publication of photographs of the legendary Elvis Presley, known to some as the "King of Rock 'n' Roll."

Plaintiff James Curtin, a collector of Elvis Presley memorabilia, alleges that the defendant Star Editorial, Inc., the publisher of Star Magazine, and two individual Star employees infringed plaintiff's copyright in his book *Elvis and the Stars from the Collection of Jim Curtin* ("*Elvis and the Stars*"). *See* 17 U.S.C. § 501. Plaintiff also claims breach of contract and unjust enrichment. Before the court is the motion of defendants to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For purposes of defendants' motion, we will presume that all of plaintiff's well pleaded allegations are true and will draw any reasonable inferences from such allegations in plaintiff's favor. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1391 (3d Cir.1994). We may also consider authentic documents upon which the amended complaint is based if attached to the amended complaint or as an exhibit to the motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196–97 (3d Cir.1993), *cert. denied,* 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).

In commemoration of the twentieth anniversary of the death of Elvis Presley, Star Magazine published a special 40 page supplement which featured a "Salute to Elvis." Among other things, it touted that the "Salute to Elvis" contained "Pages and pages of fabulous photos—never seen before." In preparation for this special publication, the individual defendants, who are employees of Star Magazine, had a series of meetings with plaintiff for the purpose of obtaining the use of some of his memorabilia, including his book *Elvis and the Stars.* This 144 page book, compiled by plaintiff in 1993, contains approximately 200 pictures of "The King" with other famous personalities. On May 14, 1997 the parties signed a letter agreement which read as follows:

> This is to confirm that the STAR has made xerox copies of photos that appeared in the book *ELVIS AND THE STARS (FROM THE COLLECTION OF JIM CURTIN)* for viewing purposes only. The photos have a black "X" through them for further protection.
>
> These photos will not be published or distributed in any manner or we will pay $100,000.00 to Jim Curtin in damages. Also, the STAR does not have any of these photos already in their possession.

Thereafter, plaintiff provided defendants with a photostatic copy of his entire book, but for viewing purposes only.

Star Magazine issued its "Salute to Elvis" on or about July 15, 1997. The entire supplement contained scores of Elvis pictures, as well as extensive narrative. Pages 26 and 27 displayed a spread of 10 photographs of Elvis with various celebrities, accompanied by commentary on each photo. Plaintiff complains about seven of these photographs. According to plaintiff, one photograph, in which Elvis and Cleveland Browns' running back Jim Brown appeared, "was a cropped portion of one of plaintiff's photographs" in breach of the parties' written agreement. Amended Complaint ¶¶ 15, 17–18. Plaintiff also claims that Star's publication of this and the six other pictures infringed his copyright in his book. In the amended complaint, plaintiff explains:

> Defendant's two page pictorial spread contains photographs of Elvis Presley and famous personalities. There are ten photographs contained in the two-page pictorial. Though the photographs are not exact duplicates, seven of the photographs contain the same famous personalities contained in the Plaintiff's copyrighted book. These photographs are very similar in timing, pose, etc.

Amended Complaint ¶ 28. Further, plaintiff maintains that after receiving a photostatic copy of his book *Elvis and the Stars*, Star Magazine "purposely and intentionally sought out another collector of Elvis memorabilia and photographs, Joseph Esposito, and purchased said photographs from Mr. Esposito and published the aforesaid photographic spread without the permission or consent of Plaintiff." Amended Complaint ¶ 31.

Defendant first argues that plaintiff has not stated a claim for copyright infringement. At the outset it is important to emphasize that plaintiff does not claim a copyright in any of the seven individual photographs of Elvis in issue. Instead, he contends that it is the compilation of these pictures in his book *Elvis and the Stars* which is protected under the Copyright Act. 17 U.S.C. § 103. The Act defines compilation as:

> a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term "compilation" includes collective works.

*Id.* § 101.

■ For a valid copyright to exist in a compilation, it must meet the constitutional and statutory standard of originality in terms of "selection, coordination, and arrangement." [1] *See Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 358, 362, 111 S.Ct. 1282, 1294, 1296, 113 L.Ed.2d 358 (1991). A work is original if "independently created by the author" and "possess[ing] at least some minimal degree of creativity." *Id.* at 345. Ideas themselves cannot be copyrighted. *Id.* at 350. Rather it is the expression of these ideas which is protected. *Whelan Assoc. v. Jaslow Dental Lab.*, 797 F.2d 1222, 1234 (3d Cir.1986), *cert. denied*, 479

U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 831 (1987); *Sid & Marty Krofft Television Prod., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 (9th Cir.1977). To prevail on a claim of copyright infringement, a plaintiff must prove ownership of a valid copyright and the alleged infringer's copying of that copyright. *Masquerade Novelty Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667 (3d Cir.1990); *Tang v. Hwang*, 799 F.Supp. 499, 502 (E.D.Pa.1992). " 'Copying,' in turn, is said to be shown by circumstantial evidence of access to the copyrighted work and substantial similarity between the copyrighted work and defendant's work." *Sid & Marty Krofft*, 562 F.2d at 1162.

■ Even assuming the plaintiff's compilation possesses originality as to its selection, coordination, and arrangement, a comparison of the two publications establishes that no infringement exists. [2] As the plaintiff candidly states in his amended complaint, the seven photographs in the Star Magazine are not the same as those that were published in his compilation. *See* Amended Complaint ¶ 28. The individuals portrayed in Star Magazine are either in different poses from those portrayed in *Elvis and the Stars* or, in some instances, the numbers of individuals shown in the allegedly comparable photographs varies. Second, the arrangement of the photographs in the Star Magazine, in the two page collage, was significantly different from the way they appeared over a number of separate pages in *Elvis and the Stars*. Furthermore, the captions accompanying each photograph in the two works were dissimilar. Even assuming plaintiff's well pleaded facts are true, no reasonable fact finder could find "substantial similarity" in selection, coordination, and arrangement needed for copyright infringement.

---

1. Congress' power to enact the Copyright Act emanates from the United States Constitution. Article I, § 8, Clauses 1 and 8 provide that "Congress shall have Power ... To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

2. Defendants had also argued that plaintiff did not state a valid copyright infringement claim

because he fails to state whether that copyright is registered. In response, plaintiff moved to amend his amended complaint to include an allegation of registration. An attachment to this motion reveals that plaintiff only recently applied for copyright registration on March 4, 1998. Ex. A. to Plaintiff's Motion for Leave to Withdraw Amended Complaint and file Second Amended Complaint. For purposes of the instant motion, we assume, without deciding, that plaintiff has a valid and registered copyright in his book.

Plaintiff also argues that the copyright protects not only the compilation, but his "idea" to display photographs of Elvis with celebrities. He maintains that no other copyrighted compilation exists which shows Elvis exclusively with stars. However, as we stated above, ideas cannot be copyrighted. *Feist,* 499 U.S. at 350. It is the expression of ideas, that is, the selection, coordination, and arrangement of a compilation, which is protected. Plaintiff's claim for copyright infringement will be dismissed.

Defendant next contends that plaintiff has not stated a claim for breach of contract. The parties' letter agreement provided that "[t]hese photos [from *Elvis and the Stars* ] will not be published or distributed in any manner or we will pay $100,000.00 to Jim Curtin in damages." Thus, defendants would owe plaintiff damages if Star took one of the photographs obtained from plaintiff and copied it, in whole or in part, for the special "Salute to Elvis."

The amended complaint, as noted above, also alleges that Star secured some photographs of Elvis from Joseph Esposito. This leads to the question whether a breach occurs if defendants secured duplicate photographs from a third party owner and then used them. In the letter agreement, Star professes that it "does not have any of these photos already in their [sic] possession." This language only covers the period up to the execution of the agreement. In contrast, Star never promised not to utilize duplicate pictures procured in the future from a third party. Had the parties agreed to prohibit Star from doing so, a provision to this effect could have easily been included in their agreement. The absence of any prohibition about after-acquired photographs, when a provision was included about presently held photographs, convinces us that plaintiff has no contractual right against defendants for publishing duplicate or other Elvis photographs obtained from a third party after the date of the letter agreement.

While the amended complaint is not a model of clarity, plaintiff appears to be claiming that only one of the seven photographs in issue, the cropped photo of Elvis and Jim Brown, was published in breach of the contract. In any event, the remaining six photographs are clearly not duplicative of or cropped from any photographs in *Elvis and the Stars.* The latter are not covered by the May 14, 1997 letter agreement since they came from another source, Joseph Esposito, sometime thereafter. *See* Amended Complaint ¶ 30. Whether or not the one cropped picture in Star Magazine was derived from the photograph secured from plaintiff or from a photograph obtained from Mr. Esposito cannot now be determined on a motion to dismiss under Rule 12(b)(6). For present purposes, we must view the facts in the light most favorable to the plaintiff. *Oshiver,* 38 F.3d at 1391. The motion to dismiss plaintiff's contract claim as to the one cropped photograph of Elvis and Jim Brown will be denied. To the extent plaintiff claims breach of contract as to the other six photographs, defendants' motion will be granted.

Finally, we turn to defendants' motion to dismiss plaintiff's claim for unjust enrichment. Plaintiff's claim incorporates the rest of the amended complaint and then states "[b]y the acts and activities complained of herein, Defendants have been unjustly enriched." Amended Complaint ¶ 34.

The common law claim for unjust enrichment is quasi-contractual in nature. *See Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989, 999 (3d Cir.1987). Where a direct contractual relationship exists between the parties, no basis for an unjust enrichment claim exists. *Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh,* 776 F.2d 1174, 1177 (3d Cir.1985). To succeed on such a claim, one "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider." *Id.*

Regardless of the exact contours of such a cause of action, a claim for copyright infringement preempts a common law claim for unjust enrichment. A state law claim is preempted by the Copyright Act if "(1) the subject matter of the state law claim falls within the subject matter of the copyright laws and (2) the asserted state law right is equivalent to the exclusive right that federal law protects." *Sullivan Assoc., Inc.*

*v. Dellots, Inc.*, No. CIV. A. 97–5457, 1997 WL 778976, at *2 (E.D.Pa. Dec.17, 1997) (Yohn, J.). The district court in *Sullivan* concluded that the Copyright Act preempted an unjust enrichment count which did not include any allegations distinct from those under the count for copyright infringement. *Id.* at *4. As the court stated, "[t]he right to create derivative works from copyrighted material, to reproduce copyrighted material, and to distribute copyright material is specifically protected by [the Copyright Act]." *Id.* Thus, to the extent that plaintiff asserts an exclusive right to and reimbursement for the use of his compilation of photographs, his claim for unjust enrichment is preempted.

Plaintiff also has an express contract claim against defendants. To the extent that the rights of the parties are established by an express contract, plaintiff may not recover for unjust enrichment. *Benefit Trust*, 776 F.2d at 1177. However, it is too early to tell what direction the case may take in this regard. The letter agreement, for example, contains a provision for liquidated damages. This provision may or may not be an unenforceable penalty. *See* Restatement (Second) of Contracts § 356 (1981). Recognizing that this action is at a very early stage, we will permit plaintiff to proceed at this time with the claim of unjust enrichment, but only as it relates to the Elvis and Jim Brown photograph.

We realize that this opinion is not likely to be music to the ears of either side. While we cannot stand in anyone's shoes, blue suede or otherwise, it is possible that the parties, as Elvis devotees, are lamenting "Don't Be Cruel" and "you ain't no friend of mine." It is not totally farfetched that they may be feeling "All Shook Up," or agonizing that this court is nothing but a "Heartbreak Hotel." The parties may even wish that this opinion be "Returned to Sender." Nonetheless, we, like a hound dog, must follow the law.

The motion of defendants to dismiss the amended complaint will be granted in part and denied in part. Count II, asserting a claim for copyright infringement will be dismissed. The portions of Count I for breach of contract, and Count III for unjust enrichment relating to all but the Elvis and Jim Brown photograph will be dismissed. Allegations regarding the photograph of Elvis and Jim Brown in Counts I and III will remain.

### ORDER

AND NOW, this 27th day of March, 1998, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants to dismiss the amended complaint is GRANTED in part and DENIED in part as follows:

1. The allegations of Counts I and III concerning all photographs other than that of Elvis Presley and Jim Brown are DISMISSED;

2. Count II is DISMISSED in its entirety; and

3. In all other respects the motion to dismiss is DENIED.