TECHNOLOGY BASED SOLUTIONS,
INC. and James Roberts,
Plaintiffs,

v.

The ELECTRONICS COLLEGE INC.
and A. Norton McKnight,
Defendants.

No. CIV.A. 99–CV–4833.

United States District Court,
E.D. Pennsylvania.

April 3, 2001.

Craig S. Hilliard, Allen M. Silk, Stark & Stark, Princeton, NJ, for Plaintiffs.

Charles A. Wilkinson, Bethlehem, PA, for Defendants.

### MEMORANDUM

GREEN, Senior District Judge.

Presently before the court are Plaintiffs' Motion for Summary Judgment as to Defendants' Counterclaim, Defendants' Motion for Leave to Amend the Pleadings and the parties' responses thereto. For the reasons stated below, Plaintiffs' motion will be granted in part and denied in part and Defendants' motion will be granted.

## I. FACTUAL HISTORY

Plaintiffs, Technology Based Solutions, Inc. ("TBS") and its President and owner, James Roberts ("Roberts"), seek a declaratory judgment that neither TBS nor Roberts infringed any copyrights or other rights held by Defendants, Electronic College, Inc. ("ECI") and its President, A. Norton McKnight ("McKnight"). In or around 1975, Edu–Systems, Inc. ("ESI"), a company owned by Roberts, contracted with the Department of Education of the State of Maryland to produce a set of materials to test students on their awareness of employer's expectations in relation to a defined set of attitudes. (*See* Roberts Aff. ¶ 2.) ESI produced and submitted the materials to the Department of Education. (*See* Roberts Aff. ¶ 4.) ESI then formatted the materials, which allegedly became a copyrighted product of ESI. (*See* Roberts Aff. ¶ 5.)

On January 1, 1992, Education Technologies, Inc. ("ETI"), another company owned by Roberts, contracted with ECI to develop a new product called PAVE (the "Joint Development Contract"). (*See* Pls.' Mem. Supp. Summ. J., Ex. M.) The materials originally produced by Roberts in 1975 were also used to develop PAVE. (*See* Roberts Aff. ¶ 6.) In 1993, Centec Learning Center ("Centec") purchased ETI and allegedly assumed its rights and obligations under the Joint Development Contract. (*See* Roberts Aff. ¶ 7.) In addition, Roberts became Vice–President of Centec. (*See* Roberts Aff. ¶ 7.) In February 1995, ECI filed an arbitration claim against Centec for alleged breach of the Joint Development Contract. An arbitration award was issued in favor of ECI on December 15, 1995. (*See* Pls.' Mem. Supp. Summ. J., Ex.s D, N.) Centec then entered into a settlement agreement with both ECI and McKnight dated January 11, 1996 ("Settlement Agreement"). (*See* Pls.' Mem. Supp. Summ. J., Ex. N.)

Roberts subsequently left Centec and created a new company, TBS (as stated earlier, both Roberts and TBS are Plaintiffs herein). Using the original scripts developed in 1975, Roberts created a product called "Employability Attitudes." In July 1999, ECI, through its attorney, informed TBS that it was prepared to take legal action against TBS for copyright infringement and breach of the Settlement Agreement. (*See* Pls.' Mem. Supp. Summ. J., Ex. D.) In the alternative, ECI was willing to accept a settlement of $500,000.00 in damages. (*See id.*) TBS denied all allegations and demanded ECI provide facts to support its claims. (*See* Pls.' Mem. Supp. Summ. J., Ex. E.) ECI allegedly failed to respond to TBS' request. (*See* Pls.' Mem. Supp. Summ. J., Ex. F.)

On or about September 28, 1999, Plaintiffs commenced this action seeking a declaratory judgment of non-infringement of Defendants' copyrights pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Jurisdiction is premised on diversity of citizenship.[1] Defendants filed an Answer and Counterclaim. Plaintiffs now move for summary judgment against Defendants' Counterclaim. Defendants filed a response and also seek to amend its Counterclaim.

## II. DISCUSSION

Summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the nonmoving party cannot rely on conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact. *See Pastore v. Bell Telephone Co. of Pa.*, 24 F.3d 508, 511 (3d Cir.1994). The nonmoving party, instead, must establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file. *See id.* (citing *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir.

---

1. Plaintiff TBS is an alleged New Jersey corporation and Plaintiff Roberts is an alleged Pennsylvania citizen. (*See* Compl. ¶¶ 2–3.) Defendant ECI is an alleged Delaware corporation and Defendant McKnight is an alleged citizen of Florida. (*See* Compl. ¶¶ 4–5.)

1992)); *see also* Fed.R.Civ.P. 56(e). The evidence presented must be viewed in the light most favorable to the non-moving party. *See Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983).

In the present matter, Plaintiffs move for summary judgment against Defendants' Counterclaim on three grounds. Plaintiffs argue that Defendants' Counterclaim should be dismissed in its entirety, because the allegations are preempted by the Copyright Act and barred by Pennsylvania's two-year statute of limitations. In addition, Plaintiffs argue that Defendants' allegations that Plaintiffs breached the Settlement Agreement are without merit, because there is no privity of contract between Plaintiffs and Defendants. Defendants' Counterclaim alleges that Plaintiffs breached the Settlement Agreement by improperly retaining and copying Defendants' PAVE product. Defendants also allege that Plaintiffs' conduct resulted in unfair competition and unjust enrichment.

### 1. Preemption

Federal district courts have exclusive original jurisdiction over civil cases which arise under congressional acts relating to copyrights. *See* 28 U.S.C. § 1338(a). Under the Copyright Act, state law claims which fall within the subject matter of copyrights are preempted. *See* 17 U.S.C. 301(a).[2] However, state law claims that are completely preempted by § 301(a) of the Copyright Act may be converted into federal claims. *See, e.g., Rosciszewski v. Arete Associates*, 1 F.3d 225, 232 (4th Cir.1993). Conversion is sup-

ported by the rationale that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (discussing complete preemption in the ERISA context). The practice of converting preempted state law claims into federal claims has occurred in removal actions. *See Rosciszewski*, 1 F.3d at 233; *Metropolitan Life Ins. Co.*, 481 U.S. at 66, 107 S.Ct. 1542.

In the present matter, both parties concede that Defendants' Counterclaim is preempted by the Copyright Act, but disagree whether preemption entitles Plaintiffs to summary judgment or merely a conversion of Defendants' claims into copyright infringement claims. Plaintiffs contend that the allegations asserted in the Counterclaim fall within the subject matter of copyright and should be dismissed. Defendants argue against dismissal on the ground that the allegations asserted in the Counterclaim are automatically converted into copyright infringement claims. Although Defendants acknowledge that complete conversion has been permitted only in removal actions, they find no reason why the principle should not extend to non-removal actions.

This court is not aware of any federal court decision holding that, absent claims involving removal, a party's preempted state law claim or counterclaim may not be converted into a copyright infringement claim. Accordingly, I find no

---

**2.** The Copyright Act states in relevant part:
> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as

> specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.
>
> 17 U.S.C. § 301.

legitimate reason why the conversion principle should not apply to non-removal cases, including the present matter. Conversion is predicated on the theory of complete preemption, which provides that an area of state law may be so completely preempted by Congress that any claim based on the preempted state law is considered a federal claim. In this matter, both parties acknowledge that Defendants' Counterclaim falls within the subject matter of copyrights and is therefore completely preempted by the Copyright Act.[3] The grant of exclusive jurisdiction to federal district courts over civil actions arising under the Copyright Act, coupled with the complete preemption of Defendants' Counterclaim by the Copyright Act, compels the conclusion that Defendants' Counterclaim—as it relates to the allegations of misappropriation, unfair competition and unjust enrichment—arises under federal law and this court has jurisdiction over those claims.[4] Thus, Plaintiffs' Motion for Summary Judgment will be denied on this ground, and Defendants' Counterclaim will be converted into claims under the Copyright Act.

### 2. Statute of Limitations

■■■ The statute of limitations for copyright infringement civil claims is three years. See 17 U.S.C. § 507(b).[5] By contrast, the applicable statute of limitations for "[a]n action for taking, detaining or injuring personal property ....", as pled by Defendants, is two years from accrual under Pennsylvania law. See 42 Pa.C.S.A. § 5524. Both statutes accrue when the party has knowledge of the violation or is chargeable with such knowledge. See Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir.1992), cert. denied, 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993); Haggart v. Cho, 703 A.2d 522, 526 (Pa.Super.1997).

Plaintiffs move to dismiss Defendants' Counterclaim as being barred by Pennsylvania's two-year statute of limitations. Specifically, Plaintiffs contend that Defendants knew that a wrongful act occurred no later than July 10, 1997, when

---

3. The manner in which Defendants' claims are preempted warrants further discussion. Both parties concede that the allegations of unjust enrichment and unfair competition are preempted by the Copyright Act. See Curtin v. Star Editorial Inc., 2 F.Supp.2d, 670, 675 (E.D.Pa.1998); Kregos v. Associated Press, 3 F.3d 656, 666 (2d Cir.1993) (citing cases). The allegation that Plaintiffs breached the Settlement Agreement is also preempted to the extent that it is litigated as a misappropriation of Defendants' work. See Kregos, 3 F.3d at 666. However, if the allegation that Plaintiffs breached the Settlement Agreement is characterized as a breach of contract claim, it is not preempted by the Copyright Act. See Pytka v. Van Alen, No. 92–1610, 1992 WL 129632, *4 (E.D.Pa., June 8, 1992) (citation omitted). Generally, if a cause of action contains an "extra element" that qualitatively distinguishes it and its underlying rights from those addressed by the Copyright Act, the cause of action is not preempted. See, e.g., Rosciszewski, 1 F.3d at 229–30. In the present matter, the allegations of misappropriation, unfair competition and unjust enrichment are functionally equivalent to a copyright infringement claim and are therefore preempted. However, the breach of contract claim, if one exists, appears qualitatively different.

4. Plaintiffs further contend that this court lacks subject matter jurisdiction over Defendants' Counterclaim as a copyright infringement claim, because Defendants failed to register a copyright of the PAVE program. Defendants, however, presented evidence to show that the PAVE product was registered with the Copyright Office. (See Defs.' Surreply, Exs.) Thus, viewing the evidence in a light most favorable to Defendants, Plaintiffs' argument fail.

5. "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

McKnight stated that he believed that Plaintiffs had unlawfully taken and copied portions of the PAVE product. (McKnight's Dep. at 162:10–165:16.) Using July 10, 1997 as the accrual date, Plaintiffs argue that Defendants filed the Counterclaim two years and ten months after the accrual date on May 23, 2000.

Defendants respond that the Counterclaim is not time-barred, because the appropriate length of time to file a copyright infringement claim is three years. In addition, Defendants contend that the Counterclaim survives the two-year statute of limitations, because Defendants did not discover that Plaintiffs were infringing on their copyright until June 1999, when Defendants analyzed a demo of Plaintiffs' "Employability Attitude" program and found similarities to Defendants' PAVE program.

 In light of the previous discussion, the appropriate statute of limitations for Defendants' Counterclaim as converted is three years. Therefore, Defendants' Counterclaim is not time-barred. Furthermore, Defendants' Counterclaim would survive Pennsylvania's two-year statute of limitations, because on summary judgment, viewing the evidence in a light most favorable to Defendants, a reasonable jury could find that Defendants did not become aware of the alleged injury until June, 1999. Therefore, Defendants' Counterclaim is not time-barred and Plaintiffs' Motion for Summary Judgment will be denied on this ground.

### 3. Privity of Contract

 To prove a breach of contract under Pennsylvania law, a plaintiff must show (1) the existence of a valid and binding contract to which the plaintiff and defendant were parties; (2) the essential terms of the contract; (3) that plaintiff complied with the contract's terms; (4) that the defendant breached a duty imposed by the contract; and (5) that damages resulted from the breach. *See Gundlach v. Reinstein*, 924 F.Supp. 684, 688 (E.D.Pa.1996).

 In the present matter, Plaintiffs seek to dismiss Defendants' Counterclaim to the extent that Defendants allege that Plaintiffs breached the Settlement Agreement. Plaintiffs allege that they could not have breached the Settlement Agreement because they were not parties to the Settlement Agreement. Defendants respond that Roberts, by nature of his position as Vice–President of Centec, had knowledge of the Settlement Agreement. In addition, Defendants argue that Roberts signed an affidavit that was not factual when he stated that all Defendants' PAVE materials were returned to Defendants or destroyed.

 The Settlement Agreement shows signatures for James A. Milam, Chief Executive Officer for Centec Learning Corporation and Norton McKnight, Chief Executive Officer for the Electronic College, Inc. (*See* Pls.' Mem. Supp. Summ. J., Ex. N.) In addition, the parties named in the agreement are "Centec Learning Corporation, Norton McKnight, individually, and The Electronic College, Inc." (*Id.*) Plaintiffs are not mentioned as parties to the Settlement Agreement. (*See id.*) Contrary to Defendants' contention, Roberts' alleged knowledge of the agreement does not in and of itself create privity of contract between Plaintiffs and Defendants. Furthermore, Roberts' signature on an affidavit stating that Defendants' PAVE materials were returned to Defendants or destroyed does not establish privity of contract either. The aforementioned affidavit was not presented to the court. Defendants, as the non-movant, cannot rely on conclusory allegations in their pleadings or in their memoranda and briefs to establish

a genuine issue of material fact. *See Pastore*, 24 F.3d at 511. To survive a motion for summary judgment, Defendants must establish the elements of their claim. *See id.* Because Defendants failed to produce evidence showing privity of contract between the Plaintiffs and Defendants, Plaintiffs' Motion for Summary Judgment on allegations that Plaintiffs breached the Settlement Agreement will be granted.

### 4. Amending the Pleadings

Under Fed.R.Civ.P. 15(a), if a responsive pleading is already served, a party may only amend his pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Furthermore, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). Motions to amend under Fed.R.Civ.P. 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action. *See* L. CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §§ 1474 (1990). Leave to amend may be properly denied, however, where there exists "undue delay, bad faith or dilatory motive on part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v.*

*Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Defendants move for leave to amend the pleadings to file an appropriate copyright infringement claim on the ground that they reserved the right to file a claim for copyright infringement if discovery indicated that such a claim was proper. (*See* Answer ¶ 18.) On the last day of discovery, Defendants contend that Plaintiffs produced a disk of Plaintiffs' commercial program which contains substantial portions identical to Defendants' PAVE product. (*See* TBS/EA Transcript attached to Def.s' Resp.) Defendants also move to amend the pleadings to file a trade secret violation claim, because Plaintiffs provided materials to Defendants during discovery that contained Defendants' trade secrets. (*See* McKnight Aff. at 2.) Plaintiffs oppose Defendants' motion due to unduly delay, futility, and prejudice to Plaintiffs.

To the extent that Defendants' allegations are converted into claims under the Copyright Act, Defendants will be permitted to amend the pleadings to correct insufficiently stated claims and/or amplify previously alleged claims. Defendants will also be permitted to add a trade secret violation claim in light of evidence Defendants obtained during discovery. Contrary to Plaintiffs' contention, Defendants' motion is not unduly delayed. Plaintiffs were on notice that Defendants would file a claim for copyright infringement if such a claim became evident through discovery. (*See* Answer ¶ 18.) Furthermore, Defendants' motion is in direct response to Plaintiffs' Motion for Summary Judgment which was filed in violation of the Pre-Trial Order.[6] Plaintiffs are also not undu-

---

**6.** Pursuant to the Pre–Trial Order, discovery was scheduled to be completed by October 13, 2000 and all dispositive motions were to be filed within fifteen (15) days of the close of

discovery. (*See* Order, July 10, 2000.) Plaintiffs filed their Motion for Summary Judgment seventeen (17) days after the close of discovery on October 30, 2000. (*See* Docket No. 8.)

ly prejudiced by an Amended Counterclaim, because Plaintiffs acknowledge that Defendants' state law claims are equivalent to copyright infringement claims. Nevertheless, from the date of filing of Defendants' Amended Counterclaim, Plaintiffs will have twenty (20) days to plead thereto and discovery will be reopened for forty (40) days, if so needed. Finally, Defendants' proposed claims are not futile, because, as discussed earlier, Defendants offered evidence that the PAVE product is registered. (*See* Defs.' Surreply, Exs.) Accordingly, Defendants' Motion for Leave to Amend the Pleadings will be granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment will be granted with respect to Defendants' allegations that Plaintiffs violated the Settlement Agreement and denied with respect to dismissing Defendants' Counterclaim in its entirety. In addition, Defendants' Motion for Leave to Amend the Pleadings will be granted.

Therefore, Plaintiffs' contention that Defendants' motion should be denied for undue delay and undue prejudice is undermined by Plaintiffs' own conduct.